# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS D. JOHNSON-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-588 CDP |
| | ) | |
| MRS. CHILDREY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $8.30, which is a reasonable amount based upon the information the Court has about plaintiff's finances. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff Carlos D. Johnson-Bey, an prisoner at the St. Louis County Justice Center, brings this § 1983 case alleging his "constitutional rights under client attorney privilege of confidentiality" have been violated by defendant Mrs. Childrey. Plaintiff alleges that on numerous occasions, his legal mail has been given to another inmate also named Carlos Johnson-Bey. Plaintiff states that although this other inmate shares plaintiff's first and last names, he has a different middle name and a different inmate number. Plaintiff's mail is eventually delivered to plaintiff, but is resealed with scotch tape, presumably after the other Carlos Johnson-Bey has opened it. For relief, plaintiff seeks $100,000.00 in damages.

**Discussion**

Plaintiff names as his only defendant Mrs. Childrey, the director of the St. Louis County Justice Center. Although plaintiff names Mrs. Childrey as the defendant in the caption of his complaint, plaintiff's statement of his claim does not mention Mrs. Childrey. Plaintiff does not allege Mrs. Childrey handles his mail. Assuming, for purposes of initial review, that Mrs. Childrey is in charge of mail at the Justice Center, plaintiff has not alleged Mrs. Childrey purposefully mishandles his mail. Rather, he states his legal mail is being delivered erroneously to another inmate with plaintiff's same first and last names.

2

Based on the allegations of the complaint, the Court cannot find any intentional act of Mrs. Childrey that is actionable under § 1983. At most, Mrs. Childrey is being negligent in handling plaintiff's mail, which is not actionable as a constitutional violation under § 1983. *See Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011) (holding that negligence and even gross negligence do not rise to the level of a constitutional violation). Furthermore, plaintiff has not alleged he suffered any injury or harm arising out of the negligent handling of his mail. *See Haberthur v. City of Raymore, Mo.*, 119 F.3d 720, 723 (8th Cir. 1997) ("To state a claim . . . under section 1983, [plaintiff's] complaint must allege that [a government official's] acts caused a constitutional injury . . . ."). Plaintiff has not alleged that Mrs. Childrey has lost any of plaintiff's mail, nor does he allege he has suffered any unreasonable delays in receiving his mail. While the Court is sympathetic to plaintiff's frustration regarding the handling of his mail, the Court does not find his allegations state a plausible claim for relief under § 1983. Because plaintiff's allegations of negligence do not rise to the level of a constitutional violation and because he has alleged no injury, the Court will dismiss his claims without prejudice under 28 U.S.C. §1915(e)(2).

Finally, plaintiff attaches to his complaint a copy of a formal grievance he filed with the Department of Justice Services regarding his mail. In his grievance, plaintiff states that the St. Louis County Justice Center's internal rules require that "all legal mail must be opened in the presence of the inmate." Liberally construing plaintiff's complaint as asserting a claim based on a violation of this internal mail policy, the alleged violation of an internal prison rule does not rise to the level of a constitutional violation. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997). For this reason, this claim will also be dismissed for failure to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $8.30 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that plaintiff's complaint will be **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 15th day of June, 2018.

/s/ Catherine D. Perry
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).